1    STROOCK & STROOCK & LAVAN LLP
     JULIA B. STRICKLAND (State Bar No. 083013)
2    LISA M. SIMONETTI (State Bar No. 165996)
     MARCOS D. SASSO (State Bar No. 228905)
3    2029 Century Park East, Suite 1600
     Los Angeles, California 90067-3086
4    Telephone: 310-556-5800
     Facsimile: 310-556-5959
5    lacalendar@stroock.com

6    Attorneys for Defendant
       CITIBANK, N.A.

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   DIANE HEGGEN, INDIVIDUALLY          Case No. CV13-00021 PSWL (PLAx)
     AND ON BEHALF OF ALL OTHERS
13   SIMILARLY SITUATED,
                                         NOTICE OF REMOVAL
14            Plaintiff,
                                         (Pursuant to 28 U.S.C. §§ 1331,
15        vs.                            1441(b), 1446 – Federal Question)

16   CITIBANK (SOUTH DAKOTA), N.A.;
     AND DOES 1-20, INCLUSIVE,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

LA 51612094

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, defendant Citibank, N.A. ("Citibank"), hereby removes the action entitled <u>Diane Heggen v. Citibank (South Dakota), N.A.</u>, Los Angeles County Superior Court Case No. LC099075 (the "Action"), to the United States District Court for the Central District of California, on the following grounds:

1.   <u>Removal Is Timely</u>.  Plaintiff Diane Heggen ("Plaintiff") commenced the Action on or about July 9, 2012.  Plaintiff filed a First Amended Complaint ("Amended Complaint") on or about November 26, 2012 and the Summons on First Amended Complaint was issued on or about November 26, 2012.  Attached hereto as Exhibit A are true and correct copies of the First Amended Complaint and Summons on First Amended Complaint.  The Amended Complaint originally named Citibank (South Dakota), N.A. as the only defendant.  As of July 1, 2011, Citibank (South Dakota), N.A. merged with and into Citibank, N.A., and, as a result, Citibank (South Dakota), N.A. no longer exists.  On December 20, 2012, the court entered the Order Substituting Defendant (the "Order"), substituting Citibank, N.A. as defendant in the Action in place of Citibank (South Dakota), N.A.  A true and correct copy of the December 20, 2012 Order is attached hereto as Exhibit B.  Pursuant to the Order, the Amended Complaint and Summons on First Amended Complaint were deemed served on Citibank, N.A. as of December 20, 2012, the date the Order was entered. <u>See</u> Ex. B.  This Notice of Removal has been filed within thirty days of service of the Amended Complaint on Citibank and is therefore timely under 28 U.S.C. § 1446(b).

2.   <u>This Court Has Removal Jurisdiction Over This Action</u>.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that Citibank may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff alleges violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et seq.</u> (the "TCPA") (<u>see</u> Am. Compl.,¶¶ 1, 12, 43-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 1 -

1   50), a claim that is created by, and arises under, federal law.  See Mims v. Arrow Fin.

2   Servs., LLC, 132 S. Ct. 740, 748 (2012) (holding that the TCPA's permissive grant

3   of jurisdiction to state courts does not deprive the United States district courts of

4   federal-question jurisdiction over private TCPA suits, and that a TCPA claim, "in 28

5   U.S.C. § 1331's words, plainly 'aris [es] under' the 'laws . . . of the United States'").

6   To the extent any other claims in the Action arise under state law, supplemental

7   jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

8       3.   No Other Defendants' Consent Is Required For Removal.  Citibank is

9   the only defendant named in the Action.  Therefore, no other entities' consent is

10  required for removal.  Accordingly, the Action is properly removed pursuant to 28

11  U.S.C. § 1446(a) & (b).

12      4.   Notice Has Been Effected.  A copy of this Notice of Removal is being

13  filed with the Superior Court for the State of California for the County of Los

14  Angeles and concurrently served on Plaintiff.

15

16  Dated:  January 2, 2013              STROOCK & STROOCK & LAVAN LLP
                                        JULIA B. STRICKLAND
17                                      LISA M. SIMONETTI
                                        MARCOS D. SASSO
18

19                                      By: _____

20                                              Marcos D. Sasso

21                                      Attorneys for Defendant
                                        CITIBANK, N.A.
22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51612094

# EXHIBIT A

~~AMENDED~~ **SUMMONS** *on 1st Amended*
*(CITACION JUDICIAL)* *complaint*

RECEIVED CBSD

DEC 3 - 2012

~~SUM-100~~ OFFICE OF THE GENERAL COUNSEL

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

NOV 26 2012

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
~~CITIBANK~~ (SOUTH DAKOTA), N.A.; AND, DOES 1-20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DIANE HEGGEN, *individually and on behalf of all Others Similarly Situated*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles

6230 Sylmar Avenue
Van Nuys, CA 91401

**CASE NUMBER:**
*(Número del Caso):*
12E06783

*Dept 106*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: **NOV 2 6 2012**        **JOHN A. CLARKE**   Clerk, by   **L. NAPHEN**   , Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [✓] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
*on 1st Amended complaint*

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1
**KAZEROUNI LAW GROUP, APC**
2  Abbas Kazerounian, Esq. (SBN: 249203)
   ak@kazlg.com
3  Matthew M. Loker, Esq. (SBN 279939)
   ml@kazlg.com
4  2700 N. Main Street, Ste. 1000
   Santa Ana, California 92705
5  Telephone: (800) 400-6808
   Facsimile: (800) 520-5523
6

7  **HYDE & SWIGART**
   Joshua B. Swigart, Esq. (SBN: 225557)
8  josh@westcoastlitigation.com
   411 Camino Del Rio South, Suite 301
9  San Diego, CA 92108
   Telephone: (619) 233-7770
10 Facsimile: (619) 297-1022

11
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
12 Todd M. Friedman, Esq. (SBN: 216752)
   tfriedman@attorneysforconsumers.com
13 369 S. Doheny Dr., #415
   Beverly Hills, CA 90211
14 Telephone: (877) 206-4741
   Facsimile: (866) 633-0228
15

16 *Attorneys for Plaintiff,*

17          SUPERIOR COURT OF CALIFORNIA
18 COUNTY OF LOS ANGELES – VAN NUYS COURTHOUSE - UNLIMITED

19 DIANE HEGGEN, INDIVIDUALLY        Case No.: 12E06783   Dept 106
   AND ON BEHALF OF ALL OTHERS
20 SIMILARLY SITUATED,               **CLASS ACTION**

21          Plaintiff,              **FIRST AMENDED COMPLAINT FOR
                                    DAMAGES AND INJUNCTIVE RELIEF
22          v.                      PURSUANT TO THE TELEPHONE
                                    CONSUMER PROTECTION ACT, 47
23 CITIBANK (SOUTH DAKOTA), N.A.;   U.S.C. § 227, ET SEQ.**
   AND, DOES 1-20, INCLUSIVE,
24                                  **JURY TRIAL DEMANDED**
            Defendant.
25                                  BY FAX

26

27

28

NOV 26 2012

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES          PAGE 1 OF 10

Exh. A, Page 4

## INTRODUCTION

1. DIANE HEGGEN ("Plaintiff") bring this First Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CITIBANK (SOUTH DAKOTA) N.A. ("Defendant"); and, DOES 1-20 in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES          PAGE 2 OF 10

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Exh. A, Page 6

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

### JURISDICTION AND VENUE

11. Jurisdiction of this Court is proper because the events leading to Plaintiffs' causes of action occurred in the County of San Bernardino and in the State of California.

12. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

13. Because Defendants do business within the State of California, personal jurisdiction is established.

### PARTIES

14. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, a multi-national bank, is, and at all times mentioned herein was, a corporation that is incorporated in Delaware with its principal place of business in the State of New York. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

16. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names, pursuant to the California Civil Procedure Code § 474. Plaintiffs are informed and believe, and thereon allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted

1    in all subsequent proceedings, and that this action may proceed against them under their

2    true names.

3    17. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned,

4    Defendants DOES 1 through 20, were agents or employees of each of their co-defendants

5    and, in doing the things hereafter mentioned, each was acting in the scope of his authority

6    as such agent or employee and with the permission and consent of their co-defendants,

7    and each of them.

### FACTUAL ALLEGATIONS

8

9    18. At all times relevant, Plaintiff was a citizen of the County of Los Angeles State of

10    California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by

11    47 U.S.C. § 153 (10).

12    19. Defendant is, and at all times mentioned herein was, a corporation and a "person," as

13    defined by 47 U.S.C. § 153 (10).

14    20. At all times relevant Defendant conducted business in the State of California and in the

15    County of Los Angeles, within this judicial district.

16    21. On March 16, 2011, Plaintiff filed a lawsuit against Macy's Inc. for engaging in unfair

17    debt collection practices against Plaintiff, Los Angeles Superior Court Case No.

18    11E05764.

19    22. As a result of this lawsuit, Plaintiff and Macy's Inc. agreed to fully settle the balance

20    alleged to be owed by Plaintiff on Plaintiff's Citibank card and close the account.  This

21    settlement terminated any prior business relationship that Plaintiff may have had with

22    Defendant and terminated any contractual relationship that may have existed.

23    23. By terminating Plaintiff's business relationship with Defendant, Plaintiff revoked any

24    prior express consent to be contacted by Defendant with an automatic telephone dialing

25    system ("ATDS").

26    ///

27    ///

28    ///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES                    PAGE 5 OF 10

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

24. After Plaintiff's account with Defendant was closed, Defendant began contacting Plaintiff in November 2011 with an ATDS as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. 227(b)(1)(A) in order to collect on Plaintiff's alleged debt that had been settled in Plaintiff's previous lawsuit, Los Angeles Superior Court Case No. 11E05764.

25. Defendant has continued to contact Plaintiff regarding the settled account multiple times a day through November 2012 using an ATDS to leave artificial or prerecorded voice messages for Plaintiff.

26. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

27. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

29. Plaintiff did not provide prior express consent to receive calls or messages on Plaintiff's cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

30. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

32. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited marketing and artificial or prerecorded voice messages from Defendant without prior express consent which message by Defendant or its agents was not made for emergency purposes, within the four years prior to the filing of this action.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a)   Whether, within the four years prior to the filing of this First Amended Complaint, Defendant or its agents sent any marketing and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to

---

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES          PAGE 7 OF 10

a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38. As a person that received at least one marketing and artificial or prerecorded voice message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

42. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES                    PAGE 8 OF 10

Exh. A, Page 11

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

Exh. A, Page 12

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: November 26, 2012

Respectfully submitted,

LAW OFFICE OF M. TODD FRIEDMAN, P.C.

By: _____

TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES          PAGE 10 OF 10

Exh. A, Page 13

# EXHIBIT B

1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  MARCOS D. SASSO (State Bar No. 228905)
   2029 Century Park East
3  Los Angeles, CA 90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   Email: *lacalendar@stroock.com*

5

6  Attorneys for Defendant
     CITIBANK, N.A., as successor in interest to
7    CITIBANK (SOUTH DAKOTA), N.A.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  DIANE HEGGEN, individually and on behalf      Case No. 12E06783/LC99075
    of all others similarly situated,
12                                                 Assigned to the Honorable Leland Harris
              Plaintiff,                           Dept. 106
13
         v.                                        STIPULATION AND [PROPOSED]
14                                                 ORDER SUBSTITUTING DEFENDANT
    CITIBANK (SOUTH DAKOTA), N.A.; and
15  DOES 1-20, inclusive,                          Action Filed:  November 26, 2012

16            Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

                    STIPULATION AND [PROPOSED] ORDER

LA 51607121

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 2 0 2012

John A. Clarke, Executive Officer/Clerk
By Lawanda Williams, Deputy

STROOCK & STROOCK & LAVAN LLP<br>2029 Century Park East<br>Los Angeles, California 90067-3086

## STIPULATION

WHEREAS, on November 26, 2012 plaintiff Diane Heggen ("Plaintiff") filed the First Amended Complaint (the "Amended Complaint") in the above-captioned Court, and an Amended Summons was issued;

WHEREAS, the Amended Complaint identifies as the only named defendant Citibank (South Dakota), N.A., and the Amended Summons also is issued to Citibank (South Dakota), N.A.;

WHEREAS, on July 1, 2011, Citibank (South Dakota), N.A., merged with and into Citibank, N.A.  As a result, Citibank (South Dakota), N.A. no longer exists;

WHEREAS, based on the foregoing, the parties agree that Citibank, N.A. should be substituted into the action in place of Citibank (South Dakota), N.A.; and

WHEREAS, the parties further agree that the Amended Complaint and Amended Summons shall be deemed served on Citibank, N.A. as of the date that the Court enters an order granting this Stipulation.

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel of record, that Citibank, N.A. shall be substituted as defendant in the above-captioned action in place of Citibank (South Dakota), N.A. and that the Amended Summons and Complaint shall be deemed served on Citibank, N.A. as of the date that the Court enters an order granting this Stipulation.

IT IS SO STIPULATED.

[Signatures on next page]

STIPULATION AND [PROPOSED] ORDER

LA 51607121

1    Dated:  December 14, 2012

                                              STROOCK & STROOCK & LAVAN LLP
2                                               JULIA B. STRICKLAND
                                               MARCOS D. SASSO
3

4                              By

5                                                   Marcos D. Sasso

6                              Attorneys for Defendant
                                               CITIBANK, N.A., as successor in interest to
7                                               CITIBANK (SOUTH DAKOTA), N.A.

8

9    Dated:  December 14, 2012                        LAW OFFICE OF TODD M. FREIDMAN, P.C.
                                                 TODD M. FRIEDMAN

10                             KAZEROUNI LAW GROUP, APC
11                             ABBAS KAZEROUNIAN
                                                 MATTHEW M. LOKER
12

13                             HYDE & SWIGART
                                                 JOSHUA B. SWIGART
14

15                              By

16                                                 Todd M. Friedman

                                           Attorneys for Plaintiff
17                                               DIANE HEGGEN

18

19                                   [PROPOSED] ORDER

20        Pursuant to the parties' Stipulation, it is hereby ORDERED that Citibank, N.A. is hereby

21    substituted as defendant in the above-captioned action in place of Citibank (South Dakota), N.A.

22    and that the Amended Summons and First Amended Complaint are deemed served on Citibank,

23    N.A. as of the date of this Order.

24    IT IS SO ORDERED.

25

26    Dated:  DEC 2 0 2012                            **HUEY P. COTTON**

27                                                 The Honorable Leland Harris
                                               Judge Of The Superior Court
28

STIPULATION AND [PROPOSED] ORDER

LA 51607121

*Left margin (vertical text):* STROOCK & STROOCK & LAVAN LLP  2029 Century Park East  Los Angeles, California 90067-3086

**PROOF OF SERVICE**

1

2    STATE OF CALIFORNIA          )
                                  )   ss
3    COUNTY OF LOS ANGELES        )

4        I am employed in the County of Los Angeles, State of California, over the age of eighteen
     years, and not a party to the within action. My business address is: 2029 Century Park East, Los
5    Angeles, CA 90067-3086.

6        On December 14, 2012, I served the foregoing document(s) described as: **STIPULATION
     AND [PROPOSED] ORDER SUBSTITUTING DEFENDANT** on the interested parties in this
7    action as follows:

8
                              SEE ATTACHED SERVICE LIST
9

10   ☐   **(VIA PERSONAL SERVICE)** By causing the document(s), in a sealed envelope, to
         be delivered to the person(s) at the address(es) set forth above.

11
     ☑   **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing
12       practices of this office, with which I am readily familiar, by means of which mail is
         deposited with the United States Postal Service at Los Angeles, California that same
13       day in the ordinary course of business, I deposited such sealed envelope, with postage
         thereon fully prepaid, for collection and mailing on this same date following ordinary
14       business practices, addressed as set forth above.

15   ☐   **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed
         envelope, to be delivered to the office of the addressee(s) at the address(es) set forth
16       above by overnight delivery via Federal Express, or by a similar overnight delivery
         service.

17
         I declare that I am employed in the office of a member of the bar of this court, at whose
18   direction the service was made.

19       I declare under penalty of perjury under the laws of the State of California that the above is
     true and correct.
20

21       Executed on December 14, 2012, at Los Angeles, California.

22

23   _____           _____
         Lori A. Reed                          [Signature]
24       [Type or Print Name]

25

26

27

28
     _____
                                   PROOF OF SERVICE
     LA 51609137v1

                                                                          Exh. B, Page 17

1

### SERVICE LIST

2

3
Todd M. Friedmann
369 S. Doheny Drive #415
4
Beverly Hills, CA 90211

5
Joshua B. Swigart
6
HYDE & SWIGART
411 Camino Del Rio South
7
Suite 301
San Diego, CA 92108-3551
8

9
Abbas Kazerounian
Kazerouni Law Group, APC
10
2700 North Main Street
Suite 1000
11
Santa Ana, CA 92705

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                            )  ss
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California  90067-3086.

On January 2, 2013, I served the foregoing document(s) described as: **NOTICE OF REMOVAL** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>See Attached Service List</u>

☐   **(VIA PERSONAL SERVICE)**  By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☒   **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐   **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

☐   **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 2, 2013, at Los Angeles, California.

Lori Reed
[Type or Print Name]                    _____
                                         [Signature]

LA 51612094

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1

## Service List

2

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq.

3
Matthew M. Loker, Esq.
2700 N. Main Street, Ste. 1000

4
Santa Ana, CA 92705

5
HYDE & SWIGART

6
Joshua B. Swigart, Esq.
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

7

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

8
Todd M. Friedman, Esq.
369 S. Doheny Dr., #415

9
Beverly Hills, CA 90211

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>DIANE HEGGEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | DEFENDANTS<br>CITIBANK (SOUTH DAKOTA), N.A.; AND, DOES 1-20, INCLUSIVE |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>See Attached | Attorneys (If Known)<br>STROOCK & STROOCK & LAVAN LLP<br>Julia B. Strickland / Lisa M. Simonetti / Marcos D. Sasso<br>2029 Century Park East, Los Angeles, CA  90067<br>Tel: 310-556-5800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 and the Telephone Consumer Protection Act, 47 U.S.C. § 227

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

CV13-00021

FOR OFFICE USE ONLY:  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Dakota |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date January 2, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# CIVIL COVER SHEET
## Attachment

I(b).    **PLAINTIFFS**

Attorneys:

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian
Matthew M. Loker
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Tel:  800-400-6808

HYDE & SWIGART
Joshua B. Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Tel:  619-233-7770

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman
369 S. Doheny Drive, #415
Beverly Hills, CA  90211
Tel:  877-206-4741

LA 51613193

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV13- 21 RSWL (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.