**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

(Other Attorneys on Signature Page)

*Attorneys for Plaintiffs,*
Diane Heggen and Laila Thompson



FILED
CLERK, U.S. DISTRICT COURT

MAR - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIANE HEGGEN; AND LAILA THOMPSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK, N.A., AND DOES 1-20, INCLUSIVE,**<br><br>Defendant. | **Case No.:** 13-CV-00021-MWF-PLA<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. DIANE HEGGEN ("Heggen") and LAILA THOMPSON ("Thompson"), jointly referred to as "Plaintiffs," bring this Second Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CITIBANK, N.A. ("Defendant") in negligently contacting Plaintiffs on Plaintiffs' cellular

*Left margin (vertical):* KAZEROUNI LAW GROUP, APC · 2700 N. Main Street, Ste. 1000 · Santa Ana, California 92705

telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1   invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See*

2   *also*, *Mims*, 132 S. Ct. at 744.

3   5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA

4   case regarding calls to a non-debtor similar to this one:

5
> The Telephone Consumer Protection Act…is well known
6   > for its provisions limiting junk-fax transmissions. A less-
> litigated part of the Act curtails the use of automated
7   > dialers and prerecorded messages to cell phones, whose
> subscribers often are billed by the minute as soon as the
8   > call is answered—and routing a call to voicemail counts
> as answering the call. An automated call to a landline
9   > phone can be an annoyance; an automated call to a cell
> phone adds expense to annoyance.
10

11   *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

12   6. The Ninth Circuit recently affirmed certification of a TCPA class case

13   remarkably similar to this one in *Meyer v. Portfolio Recovery Associates,*

14   *LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

15   7. Plaintiffs make these allegations on information and belief, with the

16   exception of those allegations that pertain to Plaintiffs, or to a Plaintiffs'

17   counsel, which Plaintiffs allege on personal knowledge.

18   8. While many violations are described below with specificity, this Complaint

19   alleges violations of the statutes cited in their entirety.

20   9. Unless otherwise stated, Plaintiffs allege that any violations by Defendant

21   was knowing and intentional, and that Defendant did not maintain

22   procedures reasonably adapted to avoid any such violation.

23   10.Unless otherwise indicated, the use of any Defendant's name in this

24   Complaint includes all agents, employees, officers, members, directors,

25   heirs, successors, assigns, principals, trustees, sureties, subrogees,

26   representatives, and insurers of that Defendant named.

27   / / /

28

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

**JURISDICTION AND VENUE**

11. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

12. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

13. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441 and 18 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, the harm to Plaintiffs occurred in this judicial district, and Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California because it conducts business there.

**PARTIES**

14. Plaintiffs are, and at all times mentioned herein were, citizens and residents of the State of California. Plaintiffs are, and at all times mentioned herein were, "person[s]" as defined by 47 U.S.C. § 153 (10).

15. Plaintiffs are informed and believe, and thereon allege, that Defendant, a multi-national bank, is, and at all times mentioned herein was, a corporation that is incorporated in Delaware with its principal place of business in the State of New York.  Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).  Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

**FACTUAL ALLEGATIONS**

16. At all times relevant, Plaintiffs were citizens of the State of California. Plaintiffs are, and at all times mentioned herein were, "person[s]" as defined by 47 U.S.C. § 153 (10).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

17. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

18. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

19. With regard to Plaintiff Heggen, on March 16, 2011, Heggen filed a lawsuit against Macy's Inc. for engaging in unfair debt collection practices against Heggen, Los Angeles Superior Court Case No. 11E05764.

20. As a result of this lawsuit, Heggen and Macy's Inc. agreed to fully settle the balance alleged to be owed by Heggen on Heggen's Citibank card and close the account. This settlement terminated any prior business relationship that Heggen may have had with Defendant and terminated any contractual relationship that may have existed.

21. By terminating Heggen's business relationship with Defendant, Heggen revoked any prior express consent to be contacted by Defendant with an automatic telephone dialing system ("ATDS") or to receive artificial or prerecorded voice calls.

22. After Heggen's account with Defendant was closed, Defendant began contacting Heggen in November 2011 with an ATDS as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. 227(b)(1)(A) in order to collect on Heggen's alleged debt that had been settled in Heggen's previous lawsuit, Los Angeles Superior Court Case No. 11E05764.

23. Defendant has continued to contact Heggen regarding the settled account multiple times a day through November 2012 using an ATDS to leave artificial or prerecorded voice messages for Heggen.

24. With regard to Plaintiff Thompson, Thompson changed her cellular telephone number to a cellular telephone number ending in 3258 on or about January 4, 2013.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

25. At no time did Thompson provide Thompson's cellular phone number ending in 3258 to Defendant through any medium.

26. At all relevant times, Thompson did not have an account with Defendant.

27. Beginning January 4, 2013, Defendant began contacting Thompson on Thompson's cellular telephone number ending in 3258 on several occasions via an ATDS as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

28. Specifically, Defendant contacted Thompson's cellular telephone via such means on at least the following dates and times:

    a.    On or about January 4, 2013, at approximately 11:12 a.m.;

    b.    On or about January 7, 2013, at approximately 11:12 a.m.;

    c.    On or about January 10, 2013, at approximately 11:12 a.m.;

    d.    On or about January 11, 2013, at approximately 11:10 a.m.; and

    e.    On or about January 14, 2013, at approximately 11:10 a.m.

29. For each of these automated calls to Thompson's cellular telephone, the prerecorded message indicates that the caller was sorry the caller could not speak with the recipient (i.e. Thompson) in person, and directed the recipient (i.e. Thompson) to call Citibank regarding a Citibank account. The message provided a telephone number, (866) 756-4365, and a time to call back, as well as a website address. The message stated that it was not a sales call.

30. The telephone number utilized by Defendant to contact Thompson's cellular telephone number for these calls was (866) 756-4365.

31. Thompson attempted to contact Defendant at the number (866) 756-4365 to speak with a live person to request that Defendant cease contacting Thompson, but was unable to do so because there was no option provided by the automated telephone system to speak to a live representative or leave a voice message.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

32. When a consumer calls telephone number (866) 756-4365 and presses "1" for service in English, an automated telephone system indicates that if the caller is contacting Defendant because the consumer received an message from Defendant, that message was to inform the consumer that there was an overdraft balance on the consumer's account.

33. The telephone numbers of Plaintiffs' which Defendant called were assigned to a cellular telephone service for which Plaintiffs incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

34. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

36. Both Plaintiffs did not provide prior express consent to receive calls or messages on Plaintiffs' cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

37. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

38. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated (the "Class").

39. Plaintiffs represent, and are members of the Class, consisting of all persons within the United States who received any marketing and artificial or prerecorded voice messages from Defendant without prior express consent within the four years prior to the filing of this action.

40. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1     matter should be certified as a Class action to assist in the expeditious

2     litigation of this matter.

3   41. Plaintiffs and members of the Class were harmed by the acts of Defendant in

4     at least the following ways: Defendant, either directly or through its agents,

5     illegally contacted Plaintiff and the Class members via their cellular

6     telephones by using marketing and artificial or prerecorded voice messages,

7     thereby causing Plaintiffs and the Class members to incur certain cellular

8     telephone charges or reduce cellular telephone time for which Plaintiffs and

9     the Class members previously paid, and invading the privacy of said

10     Plaintiff and the Class members. Plaintiffs and the Class members were

11     damaged thereby.

12   42. This suit seeks only damages and injunctive relief for recovery of economic

13     injury on behalf of the Class, and it expressly is not intended to request any

14     recovery for personal injury and claims related thereto. Plaintiffs reserve the

15     right to expand the Class definition to seek recovery on behalf of additional

16     persons as warranted as facts are learned in further investigation and

17     discovery.

18   43. The joinder of the Class members is impractical and the disposition of their

19     claims in the Class action will provide substantial benefits both to the parties

20     and to the court. The Class can be identified through Defendant's records or

21     Defendant's agents' records.

22   44. There is a well-defined community of interest in the questions of law and

23     fact involved affecting the parties to be represented. The questions of law

24     and fact to the Class predominate over questions which may affect

25     individual Class members, including the following:

26     a)     Whether, within the four years prior to the filing of this Second

27              Amended Complaint, Defendant or its agents sent any marketing and

28              artificial or prerecorded voice messages to the Class (other than a

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

b)   Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

45. As persons who received at least one marketing and artificial or prerecorded voice message without their prior express consent, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

46. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1   present significantly fewer difficulties than those presented in many class

2   claims.

3   49. Defendant has acted on grounds generally applicable to the Class, thereby

4   making appropriate final injunctive relief and corresponding declaratory

5   relief with respect to the Class as a whole.

6   50. Plaintiffs contemplate providing notice to Class members via direct mail in

7   the form of a postcard and by Internet website.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

11  51. Plaintiffs incorporate by reference all of the above paragraphs of this

12  Complaint as though fully stated herein.

13  52. The foregoing acts and omissions of Defendant constitute numerous and

14  multiple negligent violations of the TCPA, including but not limited to each

15  and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

16  53. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq.,

17  Plaintiffs and the Class are entitled to an award of $500.00 in statutory

18  damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

19  54. Plaintiffs and the Class are also entitled to and seek injunctive relief

20  prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

25  55. Plaintiffs incorporate by reference all of the above paragraphs of this

26  Complaint as though fully stated herein.

27  56. The foregoing acts and omissions of Defendant constitute numerous and

28  multiple knowing and/or willful violations of the TCPA, including but not

1   limited to each and every one of the above-cited provisions of 47 U.S.C. §

2   227 et seq.

3   57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §

4   227 et seq, Plaintiffs and the Class are entitled to an award of $1,500.00 in

5   statutory damages, for each and every violation, pursuant to 47 U.S.C. §

6   227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

7   58. Plaintiffs and the Class are also entitled to and seek injunctive relief

8   prohibiting such conduct in the future.

9                                   **PRAYER FOR RELIEF**

10  Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the Class

11  members the following relief against Defendant:

12          **FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

13                  **THE TCPA, 47 U.S.C. § 227 ET SEQ.**

14  • As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),

15    Plaintiffs seek for themselves and each Class member $500.00 in statutory

16    damages, for each and every violation, pursuant to 47 U.S.C. §

17    227(b)(3)(B).

18  • Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

19    conduct in the future.

20  • Any other relief the Court may deem just and proper.

21          **SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

22                  **THE TCPA, 47 U.S.C. § 227 ET SEQ.**

23  • As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),

24    Plaintiffs seek for themselves and each Class member $500.00 in statutory

25    damages, for each and every violation, pursuant to 47 U.S.C. §

26    227(b)(3)(B).

27  • Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

28    conduct in the future.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: February 28, 2013

Respectfully submitted,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: _____
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFFS

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Law Offices of Todd M. Friedman, PC, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211. On February 28, 2013, I served the within document(s):

**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

ON THE FOLLOWING PARTIES:

**Stroock and Stroock and Lavan LLP**
Marcos Daniel Sasso
msasso@stroock.com
2029 Century Park East 16th Floor
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
*Attorneys for Defendant*

☒ BY MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Beverly Hills, California addressed as set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 28, 2013, at Beverly Hills, California.

TODD M. FRIEDMAN, ESQ.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**PROOF OF SERVICE**