NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1 STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
2 LISA M. SIMONETTI (State Bar No. 165996)
MARCOS D. SASSO (State Bar No. 228905)
3 ARJUN P. RAO (State Bar No. 265347)
2029 Century Park East
4 Los Angeles, CA 90067-3086
Telephone: 310-556-5800
5 Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*
6

7

Attorneys for Defendant
8 CITIBANK, N.A.

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 LAILA THOMPSON, individually and on behalf of all others similarly situated, ) | Case No. 2:13-cv-00021-MWF-PLAx |
| 13 Plaintiff, ) | [Assigned to the Hon. Michael W. Fitzgerald] |
| 14 v. ) | **[PROPOSED] PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS** |
| 15 CITIBANK, N.A.; and, DOES 1-20, inclusive, ) | |
| 16 ) | |
| Defendant. ) | [Stipulation re Protective Order Governing Use and Dissemination of Confidential Documents and Materials filed concurrently] |
| 17 ) | |
| 18 ) | |
| 19 ) | Action Filed October 19, 2012 |
| 20 ) | |

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF
CONFIDENTIAL DOCUMENTS AND MATERIALS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    **RECITALS**

2         The parties in the above-captioned action may seek discovery that the

3    responding party asserts may contain certain sensitive, confidential, trade secret

4    information and documents.

5         The protective order sought herein ("Protective Order") is warranted under the

6    circumstances and is sufficiently tailored to avoid unduly hindering the public's

7    access to the Court's records and files in this matter.

8    **CONFIDENTIALITY ORDER**

9         Upon stipulation of the parties, and good cause appearing for the entry of this

10   Protective Order,

11        IT IS HEREBY ORDERED that:

12   **I.      PURPOSES AND LIMITATIONS**

13        Disclosure and discovery activity in this action are likely to involve

14   production of confidential, proprietary, or private information for which special

15   protection from public disclosure and from use for any purpose other than

16   prosecuting this litigation may be warranted.  Accordingly, the Parties hereby

17   stipulate to and petition the court to enter the following Stipulated Protective Order.

18   The Parties acknowledge that this Order does not confer blanket protections on all

19   disclosures or responses to discovery and that the protection it affords from public

20   disclosure and use extends only to the limited information or items that are entitled

21   to confidential treatment under the applicable legal principles.  The Parties further

22   acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective

23   Order does not entitle them to file confidential information under seal; Civil Local

24   Rule 79-5 sets forth the procedures that must be followed and the standards that will

25   be applied when a party seeks permission from the court to file material under seal.

26   **II.      DEFINITIONS**

27        2.1    Challenging Party:  a Party or Non-Party that challenges the designation

28   of information or items under this Order.

- 2 -

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   House Counsel:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10   Party:  any Party to this action, including all of its officers, directors, employees, affiliates, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  Discovery Material in this action.

2      2.12  <u>Professional Vendors</u>:  persons or entities that provide litigation support

3  services (e.g., photocopying, videotaping, translating, preparing exhibits or

4  demonstrations, and organizing, storing, or retrieving data in any form or medium)

5  and their employees and subcontractors.

6      2.13  <u>Protected Material</u>:  any Disclosure or Discovery Material that is

7  designated as "CONFIDENTIAL."

8      2.14  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

9  from a Producing Party.

10                     **III.   SCOPE**

11      The protections conferred by this Stipulation and Order cover not only

12  Protected Material (as defined above), but also (1) any information copied or

13  extracted from Protected Material; (2) all copies, excerpts, summaries, or

14  compilations of Protected Material; and (3) any testimony, conversations, or

15  presentations by Parties or their Counsel that might reveal Protected Material.

16  However, the protections conferred by this Stipulation and Order do not cover the

17  following information: (a) any information that is in the public domain at the time of

18  disclosure to a Receiving Party or becomes part of the public domain after its

19  disclosure to a Receiving Party as a result of publication not involving a violation of

20  this Order, including becoming part of the public record through trial or otherwise;

21  and (b) any information known to the Receiving Party prior to the disclosure or

22  obtained by the Receiving Party after the disclosure from a source who obtained the

23  information lawfully and under no obligation of confidentiality to the Designating

24  Party.  Any use of Protected Material at trial shall be governed by a separate

25  agreement or order.

26                     **IV.   DURATION**

27      Even after final disposition of this litigation, the confidentiality obligations

28  imposed by this Order shall remain in effect until a Designating Party agrees

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF
CONFIDENTIAL DOCUMENTS AND MATERIALS

1   otherwise in writing or a court order otherwise directs.  Final disposition shall be

2   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

3   or without prejudice; and (2) final judgment herein after the completion and

4   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

5   including the time limits for filing any motions or applications for extension of time

6   pursuant to applicable law.

## V.   DESIGNATING PROTECTED MATERIAL

7

8   5.1   Exercise of Restraint and Care in Designating Material for Protection.

9   Each Party or Non-Party that designates information or items for protection

10  under this Order must take care to limit any such designation to specific material that

11  qualifies under the appropriate standards.  The Designating Party must designate for

12  protection only those parts of material, documents, items, or oral or written

13  communications that qualify – so that other portions of the material, documents,

14  items, or communications for which protection is not warranted are not swept

15  unjustifiably within the ambit of this Order.

16  If it comes to a Designating Party's attention that information or items that it

17  designated for protection do not qualify for protection, that Designating Party must

18  promptly notify all other Parties that it is withdrawing the mistaken designation.

19  5.2   Manner and Timing of Designations.  Except as otherwise provided in

20  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

21  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

22  under this Order must be clearly so designated before the material is disclosed or

23  produced.

24  Designation in conformity with this Order requires:

25  (a)  for information in documentary form (e.g., paper or electronic documents,

26  but excluding transcripts of depositions or other pretrial or trial proceedings), that

27  the Producing Party affix the legend "CONFIDENTIAL" to each page that contains

28  protected material. If only a portion or portions of the material on a page qualifies

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 5 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  for protection, the Producing Party also must clearly identify the protected portion(s)

2  (e.g., by making appropriate markings in the margins).  A Party or Non-Party that

3  makes original documents or materials available for inspection need not designate

4  them for protection until after the inspecting Party has indicated which material it

5  would like copied and produced.  During the inspection and before the designation,

6  all of the material made available for inspection shall be deemed

7  "CONFIDENTIAL."  After the inspecting Party has identified the documents it

8  wants copied and produced, the Producing Party must determine which documents,

9  or portions thereof, qualify for protection under this Order.  Then, before producing

10  the specified documents, the Producing Party must affix the "CONFIDENTIAL"

11  legend to each page that contains Protected Material.  If only a portion or portions of

12  the material on a page qualifies for protection, the Producing Party also must clearly

13  identify the protected portion(s) (e.g., by making appropriate markings in the

14  margins).

15  (b)  for testimony given in deposition or in other pretrial or trial proceedings,

16  that the Designating Party identify on the record, before the close of the deposition,

17  hearing, or other proceeding, all protected testimony.

18  (c)  for information produced in some form other than documentary and for

19  any other tangible items, that the Producing Party affix in a prominent place on the

20  exterior of the container or containers in which the information or item is stored the

21  legend "CONFIDENTIAL."  If only a portion or portions of the information or item

22  warrant protection, the Producing Party, to the extent practicable, shall identify the

23  protected portion(s).

24  5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent

25  failure to designate qualified information or items does not, standing alone, waive

26  the Designating Party's right to secure protection under this Order for such material.

27  Upon timely correction of a designation, the Receiving Party must make reasonable

28  efforts to assure that the material is treated in accordance with the provisions of this

1 Order.

**VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality **within the time frame for discovery established by the district judge**.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.  If agreement cannot be reached, the party challenging the confidential designation may move the court to lift the designation. Central District of California Local Rules 37-1 and 37-2 shall apply to any motion

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  requesting that the confidential designation be lifted.  Until the Court rules, the

2  confidential designation shall remain in effect.  The burden of persuasion in any

3  such challenge proceeding shall be on the Designating Party.

### VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

5       7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

6  disclosed or produced by another Party or by a Non-Party in connection with this

7  case only for prosecuting, defending, or attempting to settle this litigation.  Such

8  Protected Material may be disclosed only to the categories of persons and under the

9  conditions described in this Order.  When the litigation has been terminated, a

10  Receiving Party must comply with the provisions of section 13 below (FINAL

11  DISPOSITION).  Protected Material must be stored and maintained by a Receiving

12  Party at a location and in a secure manner that ensures that access is limited to the

13  persons authorized under this Order.

14       7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

15  otherwise ordered by the court or permitted in writing by the Designating Party, a

16  Receiving Party may disclose any information or item designated

17  "CONFIDENTIAL" only to:

18       (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

19  employees of said Outside Counsel of Record to whom it is reasonably necessary to

20  disclose the information for this litigation and who have signed the

21  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

22  A;

23       (b)  the officers, directors, and employees (including House Counsel) of the

24  Receiving Party to whom disclosure is reasonably necessary for this litigation and

25  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26       (c)  Experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the

28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF
CONFIDENTIAL DOCUMENTS AND MATERIALS

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the

- 9 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1 subpoena or court order shall not produce any information designated in this action

2 as "CONFIDENTIAL" before a determination by the court from which the subpoena

3 or order issued, unless the Party has obtained the Designating Party's permission.

4 The Designating Party shall bear the burden and expense of seeking protection in

5 that court of its confidential material – and nothing in these provisions should be

6 construed as authorizing or encouraging a Receiving Party in this action to disobey a

7 lawful directive from another court.

## IX.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10     (a)  The terms of this Order are applicable to information produced by a Non-

11 Party in this action and designated as "CONFIDENTIAL." Such information

12 produced by Non-Parties in connection with this litigation is protected by the

13 remedies and relief provided by this Order. Nothing in these provisions should be

14 construed as prohibiting a Non-Party from seeking additional protections.

15     (b)  In the event that a Party is required, by a valid discovery request, to

16 produce a Non-Party's confidential information in its possession, and the Party is

17 subject to an agreement with the Non-Party not to produce the Non-Party's

18 confidential information, then the Party shall:

19         (1)  promptly notify in writing the Requesting Party and the Non-Party

20 that some or all of the information requested is subject to a confidentiality agreement

21 with a Non-Party;

22         (2)  promptly provide the Non-Party with a copy of the Stipulated

23 Protective Order in this litigation, the relevant discovery request(s), and a reasonably

24 specific description of the information requested; and

25         (3)  make the information requested available for inspection by the

26 Non-Party.

27     (c)  If the Non-Party fails to object or seek a protective order from this court

28 within 14 days of receiving the notice and accompanying information, the Receiving

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 10 -

1   Party may produce the Non-Party's confidential information responsive to the

2   discovery request. If the Non-Party timely seeks a protective order, the Receiving

3   Party shall not produce any information in its possession or control that is subject to

4   the confidentiality agreement with the Non-Party before a determination by the

5   court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

6   expense of seeking protection in this court of its Protected Material.

7   ## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

9   Protected Material to any person or in any circumstance not authorized under this

10  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

11  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

12  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

13  persons to whom unauthorized disclosures were made of all the terms of this Order,

14  and (d) request such person or persons to execute the "Acknowledgment and

15  Agreement to Be Bound" that is attached hereto as Exhibit A.

16  ## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

17  ## PROTECTED MATERIAL

18        When a Producing Party gives notice to Receiving Parties that certain

19  inadvertently produced material is subject to a claim of privilege or other protection,

20  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

21  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

22  may be established in an e-discovery order that provides for production without prior

23  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

24  parties reach an agreement on the effect of disclosure of a communication or

25  information covered by the attorney-client privilege or work product protection, the

26  parties may incorporate their agreement in the stipulated protective order submitted

27  to the court.

28

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF
CONFIDENTIAL DOCUMENTS AND MATERIALS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## XII.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5.3 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XIII.       FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF
CONFIDENTIAL DOCUMENTS AND MATERIALS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

2  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

3  that the Receiving Party has not retained any copies, abstracts, compilations,

4  summaries or any other format reproducing or capturing any of the Protected

5  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

6  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

7  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

8  work product, and consultant and expert work product, even if such materials

9  contain Protected Material.  Any such archival copies that contain or constitute

10  Protected Material remain subject to this Protective Order as set forth in Section 4

11  (DURATION).

12      **IT IS SO ORDERED.**

13

14  Dated:  November 12, 2013

15

16  By: _____

17              Paul L. Abrams
             United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 13 -

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF
CONFIDENTIAL DOCUMENTS AND MATERIALS

1 **<u>Attachment A</u>**

2 **<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

3     The undersigned hereby acknowledges, under penalty of perjury, that (he)(she)

4 has been advised of the terms or has read the PROTECTIVE ORDER GOVERNING

5 USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND

6 MATERIALS ("Order") issued by the United States District Court for the Central

7 District of California in the action titled: <u>Laila Thompson, individually and on</u>

8 <u>behalf of all others similarly situated v. Citibank, N.A.</u>, Case No. 2:13-cv-00021-

9 FWF-PLA.

10     I agree to comply with and to be bound by all the terms of this Order and I

11 understand and acknowledge that failure to so comply could expose me to sanctions

12 and punishment in the nature of contempt. I solemnly promise that I will not

13 disclose in any manner any information or item that is subject to this Order to any

14 person or entity except in strict compliance with the provisions of this Order.

15     I further agree to submit to the jurisdiction of the United States District Court

16 for the Northern District of California for the purpose of enforcing the terms of this

17 Order, even if such enforcement proceedings occur after termination of this action.

18

19 Dated: _____

20 City and State where sworn and signed: _____

21

22 Printed Name: _____

23

24 Signature: _____

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

[PROPOSED] ORDER RE PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS